## Glass, Executor v. Clarke

*Edward R. Schellhammer,* for plaintiff.

*Fremont J. McKenrick, Robert M. Carson,* and *Richard J. Green,* for defendants.

McDONALD, J., April 16, 1968.—Kathryn Quigley McGuire, herein referred to as deceased, was the widow of Attorney William A. McGuire, who died in 1960. She resided in Johnstown, Cambria County. After an extended illness, she died on April 5, 1965, at the age of 84 years.

On March 8, 1965, deceased executed, acknowledged and delivered a deed naming defendants, James W. Clarke and Edgar W. Clarke, Jr., as grantees. This deed conveyed three parcels of real estate situate in Cambria County, and one in Westmoreland County. It contained a reservation of income of royalties under a coal lease to Cooney Brothers Coal Company on the parcels in Washington Township, Cambria County, and a life estate in all parcels. Defendants are step-children of her deceased sister, Mary Quigley Clarke.

Deceased's last will and testament, executed on October 30, 1964, and naming Robert S. Glass, Esq., as executor, was probated in Cambria County on April 12, 1965. This will directed the executor to convert her entire estate to cash and distribute it to 10 designated legatees according to certain percentages.

Robert S. Glass, Esq., as executor, commenced an action in equity to declare null and void the aforesaid conveyance of real estate to defendants for the reason it was obtained by fraud, undue influence and mistake. . . .

## DISCUSSION

I. Is Robert S. Glass, executor of the last will and testament of Kathryn Quigley McGuire, the proper plaintiff?

Defendants contend plaintiff, as executor of the estate, does not have "the right, power and authority to bring this particular action".

Since the enactment of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.101, art. 1, sec. 101, et seq., a personal representative has greatly enlarged powers in the administration of real property and the authority he may assert over it: Quality Lumber & Millwork Company v. Andrus, 414 Pa. 411. Unlike the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 16(a), 20 PS §321, in which the personal representative's control of property was limited to situations

where there were debts and charges, the Act of 1949 permits the administration of real property as personal property "with few minor exceptions when the nature of real estate requires a different treatment": Commission's Comment to section 501, Act of 1949. In fact, real property not specifically devised may be sold by the personal representative upon compliance with certain bonding conditions (section 541), and even specifically devised property may be sold upon order of court: Section 543. These powers are not dependent upon the insolvency of the estate.

The enlarged power and authority of the personal representative as trustee not only for the creditors but also the beneficiaries of the estate, impose a duty to collect and take possession of the assets and alleged assets of an estate without distinction between real and personal property. That he is the proper party plaintiff to recover personal property alleged to belong to the estate is undisputed: Union Trust Company of New Castle v. Cwynar, 388 Pa. 644; Fuller v. Fuller, 372 Pa. 239; Kees, Executor, v. Green, 365 Pa. 368; Crisswell's Estate, 334 Pa. 266; Keyser's Estate, 329 Pa. 514. Thus, there being very little distinction between real and personal property, the personal representative has the right and, in fact, the duty to take action to recover real property where there is a dispute as to the validity of a conveyance by the deceased.

In Moffa v. Moffa Shoe Shop, Inc., 1 Bucks 105, and Eggers v. Propert, 50 D. & C. 695, relied upon by defendants, the circumstances were unusual. In Moffa, no administrator had been appointed and the court recognized, since this was an intra-family dispute, no agreement on the appointment could be made; and it was likely one of the defendants, since they preponderated in numbers, would have been appointed. Thus, plaintiff would have had to rely on a personal representative who was also a defendant to bring suit. In

Eggers, decided prior to the Act of 1949, the same situation prevailed, and even though this case involved the recovery of personal property, action for which was usually required to be instituted by the personal representative, the court concluded an heir as to the disputed property was a proper party plaintiff, since the claimant was also the executor under deceased's will. These cases are distinguishable because of their unusual facts and have no application here.

Paragraph "Third" of deceased's last will and testament works a conversion of her real estate. Thus, if the sale of real property prior to death is void, it would become part of the estate and, by reason of the conversion, assume the nature of personalty. As indicated above, the personal representative is the proper party to sue for the recovery of personalty.

We also note the legatees under the will are given a percentage share of the estate fund created by sale of the realty and personalty. The conversion prohibits the passage of title to realty under section 104 of the Act of 1949. Were suit to be brought by these beneficiaries as legatees and devisees, a more meritorious objection could have been raised by defendants.

We are satisfied the executor is a proper plaintiff in this action, and since a ruling on the objection was reserved during trial, we now overrule the objection. . . .